Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0241 | **DATE** | January 24, 2012 |
| **CASE TITLE** | Cornell Drapes (2011-0425037) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders Cook County Jail officials to deduct $26.40 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall: (1) issue summonses for service of the complaint on the Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff, Cornell Drapes, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.
　　　Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.40. The court directs the supervisor of inmate trust accounts at the Cook County Jail to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
　　　The corut proceeds to review the complaint as required by 28 U.S.C. § 1915A. Plaintiff has presented three claims, all arising from events on August 12, 2011. In the first claim, Plaintiff alleges that Correctional Officer Prine handcuffed him tightly, with his hands behind his back, his wrist and hands turned in opposite direction, for the full five hours he waited to be seen by a doctor at the health care unit at Cook County Jail. Plaintiff alleges that it is well known within the jail that Prine uses the handcuffs in a manner that constitutes excessive force. Plaintiff's second claim, also against Officer Prine is that on that same day, Prine used excessive force, throwing Plaintiff into a wall. Plaintiff contends that it is well known throughout the jail that Prine uses excessive force when handcuffing prisoners and when transporting detainees. Plaintiff's third claim is that, after being taken back to his jail cell, Plaintiff asked for medical attention for his injuries and was examined at the division dispensary by an EMT, not a doctro. Plaintiff did not receive a medical examination and was instead assured that he would see a doctor "this weekend." Plaintiff did not in fact see a doctor until December 20, 2011. Plaintiff names Correctional Officer Prine, Sheriff Dart, and Superintendent Moreci as Defendants in both their individual and official capacities.

## STATEMENT

    Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff has sufficiently pleaded Prine's personal involvement in the first two claims. As to the supervisory Defendants, the mere fact that Dart and Moreci are in supervisory roles is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Plaintiff has alleged here that Dart and Moreci knew of Prine's history of using excessive force. Given the generous standrard for reviewing Plaintiff's pro se filing, the court finds these allegations sufficient to support the inference that Dart and Moreci knew about Prine's conduct and condoned it. Accordingly, Plaintiff may also proceed with first two claims against Dart and Moreci in their individual capacities. Further, once Plaintiff learns the identity of the person(s) who allegedly denied him medical treatment following the incidents, he will be free to submit an amended complaint, naming that individual.

    Plaintiff's official capacity claims must be dismissed, however. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff's allegations that Dart and Moreci ignored Prine's known use of excessive force on detainees, but did nothing to prevent misconduct, are sufficient to state an individual capacity claim, *see Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under the Civil Rights Act can attach if the individual acquiesced in some demonstrable manner in the alleged constitutional violation), but those allegations are insufficient to establish that the use of excessive force was an official policy or practice of Cook County.

    The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th

| STATEMENT |
|---|
| Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court declines to do so at this time. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims appear to be so complex or intricate that Plaintiff will be unable to proceed on his own. |